SCHRODER, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 454.—Decided March 15, 1920.

CONJUGAL PARTNERSHIP PROPERTY—MORTGAGE—EXPRESS CONSENT.—In a mortgage created by the wife on a property which was recorded in her name but had the legal character of community property it was stated that in order to give full legal effect to the said mortgage the husband ''now states that he approves and ratifies it in so far as may be necessary in law and under the responsibilities of the law.'' Record of the contract was denied for lack of the express consent of the husband and it was *Held:* That the clause quoted shows the express consent required by sections 159 and 1328 of the Civil Code and that the contract should be recorded.

The facts are stated in the opinion.

*Mr. R. Arce* for the appellant.

The respondent did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The conveyance of a house to María Puig, a married woman, as her private property representing a portion of an inheritance from her father, was recorded subject to a curable defect for want of sufficient showing as to the source of the purchase money. A mortgage subsequently executed by María Puig and subscribed by both spouses, after setting forth the above circumstances, further recites that in order to give legal effect to the said mortgage the husband, José Garrido, ''now states that he approves and ratifies it in so far as may be necessary in law and under the responsibilities of the law.''

Record of this instrument was refused because ''it does not appear from the said instrument that express consent was given by the mortgagor's husband to the lien created therein, inasmuch as the said husband only states in the said instrument that he approves and ratifies the contract therein made and that statement is not sufficient to supply the express consent required by the law, sections 159 and 1328 of the Civil Code; 26 P. R. R. 673.''

In the case of *Fernández Pérez v. Registrar,* 26 P. R. R. 673, last above cited, the mortgage executed by the husband contained no recital indicative of the attitude of the wife toward the creation of such incumbrance although the instrument was subscribed by both parties, who stated "that they held the usufruct of the lot described in the deed and that Juan Vázquez Ramos had built thereon at his expense and under his direction and management a house which he wished to record in his name in the registry of property." The circumstance that the wife joined in establishing the fact of usufruct and of the construction by the husband of the house and signed the instrument, viewed in the light of sections 159 and 1328 of the Code, did not make her a party to the mortgage and we therefore held, to quote the syllabus, that "when community property is mortgaged the express consent of both spouses is necessary and the simple recital of the notary that both parties accepted the deed is not sufficient."

The legal presumption as to the community character of the property involved herein, so long as the defect mentioned on the record is not cured, does not require that the spouses misrepresent the facts in dealing with the said property, pending a final determination of the status thereof in the registry. Both husband and wife seem to regard the house as the separate property of the wife; but, apparently in order to anticipate any objection by the registrar and to facilitate the record of the mortgage executed by the wife, the husband expressly ratifies and approves the same. In the circumstances it would be difficult to choose words more adequate to voice the "mutual consent of both parties to the marriage" required by the Civil Code as a requisite to the alienation or incumbrance of community property. The Code does not prescribe the phraseology in which such consent shall be expressed and ratification and approval, if they in-

volve anything beyond a distinction without a difference, would seem to imply something more than mere consent.

The ruling appealed from must be

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.